By the Court.—O’Gorman, J.
This is an appeal from an order granting plaintiff’s motion for' an inspec *445 tion of certain written agreements, which plaintiff is advised and verily believes are in the possession or under the control of the defendant, and are material and necessary to the plaintiff’s cause of action and defence against defendant’s counterclaim upon the trial. Plaintiff also avers that it cannot safely proceed to trial without them or a sworn copy of them. Defendant, in his answer to the plaintiff’s petition, avers that the agreements, examination of which the plaintiff desires, if ever executed, were in duplicate, and that a duplicate original should be in the hands of a corporation known as the “ Ehode Island Companyand that the officer of that company can be examined outside the state by commission. On these statements the defendant objected to the granting of the order, because:—
First: The petitioner did not swear absolutely, but only on his belief, that the agreements were in the possession or under the control of the defendant. This objection is not well taken. The defendant does not deny that the agreements were under his control, and the court is justified in believing that he has it in his power to produce the agreements under the order. The plaintiff has given satisfactory proof by affidavit in compliance with Code, § 805. The fact that a duplicate original shpuld be in the hands of a corporation in Ehode Island should not absolve the defendant from producing the copy in his possession, or certainly under his control.
The objection that the agreements are not material to the issues to be tried in the action and would not, if produced, contain evidence relevant or admissible is equally without merit. The action is brought to compel specific performance of a contract, the existence of which is admitted by the defendant, that he would assign to a corporation called “ The Standard Hydro Carbon Machine Co.” all such patents as he should obtain for improvements in the manufacture and use of gas. The plaintiff company claims to have succeeded, by assignment, to all *446 the rights of the “ Standard &c. Co.” ' The defence is that the “ Standard &c. Co.” had failed to pay the expenses incurred by defendant in making experiments, &c. To-this, plaintiff replies that, by agreements in writing between the defendant and the said “Rhode Island Company” and others, and the defendant, 2,800 shares of stock in the “ Standard &c. Co.” were placed in the hands of the defendant for the purpose of selling the same at a fixed price, and holding the proceeds for the benefit of the “Standard &c. Co.”; that he did sell these shares, and that the sale thereof ought to have produced $13,000, all of which sum he should have held in trust for the “ Standard &c. Co.,” of which he was at the time a trustee and the president; and that out of these moneys in his hands belonging to the company, he 'should have defrayed the expenses of his experiments and taking out patents.
The purport and effect of these agreements, entered into with defendant for. the benefit of the “ Standard &c. Co.,” would be material and relevant to the issue whether or no the “Standard &c. Co.” had failed to pay defendant’s expenses, or whether he had not moneys belonging to that company placed in his hands in trust, and which he could have legitimately applied to the payment of the expenses, for which he avers he received no payment from that company.
The plaintiff’s petition seems to have been presented in good faith, and the order, granting its prayer should be sustained.
The order is affirmed with ten dollars costs.
Sedgwick,. Ch. J., and Freedman, J., concurred.